# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | |
|---|---|
| TODD LEE MCELROY, | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CV411-103 |
| | ) |
| JUDGE TOM A. EDENFIELD, | ) |
| Defendant. | ) |

## REPORT AND RECOMMENDATION

Alleging that a local municipal court judge violated the Americans With Disabilities Act (ADA), 42 U.S.C. § 12101 *et seq.*, by failing to provide him with an interpreter during his DUI prosecution, Todd McElroy, who is deaf, brings this *pro se* ADA action against that judge. Doc. 1. He seeks no money or other relief but simply declares that the judge violated ADA and state law. *Id.* at 5. He also moves for leave to proceed *in forma pauperis* (IFP). Doc. 2.

The Court **GRANTS** his IFP motion because plaintiff swears under penalty of perjury that he is unemployed and subsists on disability income payments. *Id.* at 1-2. The Court is thus satisfied that he cannot,

because of his poverty, afford to pay the filing fee. 28 U.S.C. § 1915(a)(1); *see Adkins v. E.I. Dupont de Nemours*, 335 U.S. 331, 339 (1948).

Nevertheless, his case must be dismissed.[1] Courts have upheld deaf litigants' ADA rights within the judicial process. *See, e.g., Paulone v. City of Frederick*, 2011 WL 1675237 at * 39 (D. Md. May 3, 2011) (state's drinking/driving monitor program intentionally denied deaf probationer reasonable accommodation of sign language interpreter at Mothers Against Drunk Driving panel, in violation of ADA; state refused to provide interpreter for panel, panel was component of state court-ordered probation for drunk driving, and probationer was unable to understand anything that transpired at panel, due to her disability). But advisory opinions are simply not permitted. *Jacksonville Property Rights Ass'n, Inc. v. City of Jacksonville*, 635 F.3d 1266, 1276 (11th Cir. 2011).

Even if McElroy amended his complaint to pursue money damages, defendant Edenfield nevertheless enjoys absolute judicial immunity. To that end, plaintiff is not alleging that the judge acted in clear absence of

---

[1] Federal courts may dismiss an IFP complaint if they are satisfied that the action is frivolous or malicious, 28 U.S.C. § 1915(e)(2)(B)(i), or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).

jurisdiction by failing to order payment of plaintiff's interpreter fees. Rather, he is complaining that the judge ruled improperly. That easily falls within the wide swath of immunity protection that the law confers on judges. *See, e.g., Sibley v. Lando*, 437 F.3d 1067, 1070-71 (11th Cir. 2005) (judges are entitled to absolute immunity for acts taken in their judicial capacity and with jurisdiction, even if such acts are malicious or in excess of their jurisdiction); *Kral v. Benton County*, 2009 WL 3856918, *3 (E.D. Wash. Nov. 10, 2009) (judges were immune from liability in former inmate's action alleging that a district court failed to provide a sign language interpreter on nine occasions in violation of the state's version of the ADA).

Nor, finally, is there any hint that (due to obvious mootness) injunctive relief would be warranted, even were the Court to *very* liberally construe McElroy's complaint to seek that.[2] *Badillo v. Thorpe*, 158 F.

---

[2] Note that McElroy raises no 42 U.S.C. § 1983 claim. Even if he did, the same result would obtain:.

> [I]n 1996, Congress enacted the Federal Court Improvement Act of 1996, Pub. L. No. 104-317, which amends Section 1983 to preclude injunctive relief against a judicial officer for an act or omission taken in such officer's "judicial capacity" unless a declaratory decree was violated or unavailable. It also amends [42 U.S.C. § 1988] to preclude an award of attorney's fees against judicial officers

3

App'x 208, 211 (11th Cir. 2005) (hearing-impaired, *pro se* litigant alleging that a judge and a court administrative officer violated the ADA and the Rehabilitation Act by failing to postpone a hearing or provide an infrared assistive listening device was not entitled to injunctive relief; he did not suggest that any failure to accommodate his disability was anything more than an isolated occurrence, and did not allege an immediate threat either of the defendants would again violate his rights).

Accordingly, this case should be **DISMISSED WITH PREJUDICE.**

**SO REPORTED AND RECOMMENDED** this __13th__ day of June, 2011.

_/s/ J.R. Smitt_
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT of GEORGIA

---

arising out of actions taken in their "judicial capacity," unless the actions were clearly in excess of their jurisdiction.

2 STATE AND LOCAL GOVERNMENT CIVIL RIGHTS LIABILITY § 1A:4 (Apr. 2011) (footnote omitted); *see also* 13D WRIGHT & MILLER: FED. PRAC. & PROC. JURIS. § 3573.3 (2011).